UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL GLADE AND BJARNE HAUG

VERSUS

IMOTO, LLC, URBANIMMERSIVE USA, INC., AND URBANIMMERSIVE, INC.

CIVIL DOCKET

NO. 23-1767

SECTION: "J"(3)

## ORDER & REASONS

Before the Court are *Rule 12 Motions and Motion for Dismissal Based on Forum Non Conveniens* (**Rec. Doc. 5**), filed by Defendants, IMOTO, LLC ("IMOTO"); Urbanimmersive USA, Inc.; and Urbanimmersive, Inc. (collectively hereinafter "Defendants"). Plaintiffs, Darryl L. Glade, individually and on behalf of Darryl L. Glade, LLC, and Bjarne Haug, individually and on behalf of Bagmanden, LLC (hereinafter "Plaintiffs"), have opposed the motion (Rec. Doc. 8), and Defendants have filed a reply (Rec. Doc. 11). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART, without prejudice**, and with leave to permit Plaintiffs to amend their complaint.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of Plaintiffs' sale of IMOTO, a Louisiana limited liability company, to Defendants. (Rec. Doc. 1-1). Mr. Glade was the co-founder and Chief Executive Officer of IMOTO, and Mr. Haug was the sole owner of Bagmanden, LLC, another member of IMOTO. (Rec. Doc. 1-1, at 2). IMOTO was founded in New Orleans in 2012 and provided a photography service for real estate agents. *Id.* Photographers worked with IMOTO as independent contractors, and realtors used IMOTO to obtain photography services for their property listings. (Rec. Doc. 8, at 2). Additionally, IMOTO used a proprietary web platform

to deliver these services. *Id.* The business was successful and subsequently expanded to other cities, including Kansas City, Missouri, and Atlanta, Georgia. (Rec. Doc. 1-1, at 2).

Due to IMOTO's success, Urbanimmersive, Inc., a Canadian technology company, approached Plaintiffs with a proposal to acquire IMOTO, and formed Urbanimmersive, USA specifically for this purpose. (Rec. Doc. 1-1, at 2). Plaintiffs and Defendants executed a Unit Purchase Agreement on December 10, 2021. *Id.* Additionally, on this same date, Mr. Glade entered into an Employment Agreement with Defendants whereby he would serve as IMOTO's President and General Manager, and Bagmanden, LLC entered an agreement with Defendants to provide consulting services. *Id.* at 3.

On January 25, 2023, Plaintiffs filed the instant case in the Civil District Court for the Parish of Orleans, State of Louisiana. (Rec. Doc. 1-1). Plaintiffs asserted claims against the Defendants for (1) breach of the Unit Purchase Agreement, (2) breach of Mr. Glade's Employment Agreement and for wages that are due and owing, (3) private actions under Louisiana's Unfair Trade Practices Act and Consumer Protection Laws, including La. R.S. 51:1409, *et seq.*, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress.

On May 25, 2023, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Rec. Doc. 1). Defendants now move to dismiss Plaintiffs' claims on the following grounds: (1) under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; (2) for vagueness, or alternatively, for a more definitive statement by Plaintiffs under Rule 12(e); and (3) based on the doctrine of *forum non conveniens* because of a forum-selection clause in the Unit Purchase Agreement. (Rec. Doc. 1, at 1–3). Additionally, Plaintiffs have requested leave to amend their petition. (Rec. Doc. 8, at 8, 17, 19). The Court will begin by considering Defendants' *Motion for Dismissal Based on Forum Non Conveniens*.

## **LEGAL STANDARD**

The proper procedure for enforcing a forum-selection clause that points to a foreign forum is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).[1] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir.2008) (quoting 28 U.S.C. § 1404(a)). Thus, if the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *Id.*

In the typical case not involving a forum-selection clause, a court considering a § 1404(a) motion must determine whether a transfer would serve "the convenience of the parties and witnesses" and otherwise promote "the interest of justice." In making this determination, the court should consider the public and private interest factors adopted by the Fifth Circuit. "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004)).

---

[1] The appropriate way to enforce a forum-selection clause pointing to a forum in another country is through the doctrine of *forum non conveniens*. Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system. Both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard. Therefore, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W.D. of Tex.*, 134 S. Ct. 568, 580 (2013).

"The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. *Id.* Furthermore, unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum should not be disturbed. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir .1989).

The presence of a valid, mandatory forum-selection clause, however, requires the court to adjust its usual § 1404(a) analysis in three ways. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W.D. of Tex.*, 134 S. Ct. 568, 581 (2013). "First, the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the court should not consider the parties' private interests; it may consider only public interests. *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Therefore, the court must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Third, a transfer of venue premised on enforcement of a valid forum-selection clause "will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

In *Atlantic Marine,* the United States Supreme Court adjusted the typical § 1404(a) analysis because "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh*

*Corp.,* 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). The party who is acting in violation of the forum-selection clause bears the burden of showing that the public-interest factors "overwhelmingly disfavor a transfer." *Id.* at 583. Because the public interest factors will rarely defeat a transfer motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. In sum, when a defendant files such a motion, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575.

## **DISCUSSION**

This litigation involves two separate contracts: the Unit Purchase Agreement, which includes a forum-selection clause that mandates the parties litigate in Quebec, Canada; and the Employment Agreement, which includes a Louisiana choice-of-law provision. The forum-selection clause in the Unit Purchase Agreement, § 10.10, reads as follows:

> **10.10 Governing Law; Attornment**
> This Agreement will be construed, interpreted and enforced in accordance with the laws of the Province of Quebec and the federal laws of Canada applicable therein. Each party irrevocably attorns and submits to the exclusive jurisdiction of the courts of Quebec.

In their opposition to Defendant's *Motion for Dismissal Based on Forum Non Conveniens*, Plaintiffs argue that severing their claims related to the Unit Purchase Agreement would be inefficient, costly, and injurious, and they also contend that Defendants have caused the Unit Purchase Agreement and Mr. Glade's Employment Agreement to become irrevocably intertwined. (Rec. Doc. 8, at 8). Plaintiffs also assert that they intend to call local realtors to testify. *Id.* at 15.

Plaintiffs cite to *Carbon Six Barrels, LLC v. Proof Research, Inc.*, a case decided by the United States District Court for the Middle District of Louisiana, to support their argument that dismissal based on *forum non conveniens* would not be proper in this case. *Id.*

at 15–16. However, *Carbon Six* is distinguishable from this case because the parties in *Carbon Six* were not litigating an agreement that included a forum-selection clause. *Carbon Six Barrels, LLC v. Proof Research, Inc.*, No. 22-90, 2022 WL 16727127 (M.D. La. Nov. 4, 2022).

Plaintiffs also rely on this Court's decision in *Ha Thi Le v. Lease Finance Group, LLC*, in which the Court denied the defendant's motion to dismiss or transfer based on *forum non conveniens* because transferring would violate a strong public policy of Louisiana, specifically because the agreement at issue dealt with the lease of movable property located in Louisiana. *Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2915488, at *4 (E.D. La. May 9, 2017). Unlike the agreement in *Ha Thi Le*, the forum-selection clause in the instant case does not implicate any strong public policies of the state. Plaintiffs further argue that their claims arising under the Louisiana Unfair Trade Practices Act ("LUTPA") supersede their claims arising under the Unit Purchase Agreement. (Rec. Doc. 8, at 15).

However, the Unit Purchase Agreement includes a mandatory, enforceable forum-selection clause, and Plaintiffs have not satisfied the "heavy burden of proof" required to defeat the forum-selection clause. *Dorsey v. N. Life Ins. Co.*, No. 04-0342, 2004 WL 2496214, at *5 (E.D. La. Nov. 5, 2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)) (explaining that the "party challenging the validity of the clause bears a heavy burden of proof, even when the selected forum is remote"). Therefore, Defendants' *Motion for Dismissal Based on Forum Non Conveniens* is granted in relation to Plaintiffs' claims arising out of the Unit Purchase Agreement.

Defendants also move to dismiss the following claims under Rule 12(b)(6): (1) Plaintiff's, Bjarne Haug's, claims, in his individual capacity, (2) Plaintiffs' claims under LUTPA, and (3) Plaintiffs' claims for intentional and negligent infliction of emotional

distress. Additionally, Defendants move for dismissal of Plaintiffs' claims for vagueness, or alternatively, for a more definite statement under Rule 12(e).

Defendants contend that because Mr. Haug, in his individual capacity, was not a party to the Unit Purchase Agreement, he does not have standing to maintain claims against Defendants. (Rec. Doc. 5, at 1). However, Plaintiffs argue that La. R.S. 51:1409(A) requires Mr. Haug to bring his claims under LUTPA in his individual capacity. (Rec. Doc. 8, at 17). Defendants also assert that Plaintiffs have not pled their claims under LUTPA with particularity, and that Plaintiffs have not provided factual allegations to support their claims for intentional and negligent emotional distress. (Rec. Doc. 5, at 2–3). Finally, Defendants argue that Plaintiffs' claims are vague because Plaintiffs have not specified which claims pertain to the Unit Purchase Agreement and which pertain to Mr. Glade's Employment Agreement. *Id.* at 2. Plaintiffs have sought leave to amend their complaint.

Given the lack of clarity as to Plaintiffs' remaining allegations, and the federal rules' policy to permit liberal amendment, the Court finds that Defendants' motions should be denied in part, with leave for Plaintiffs to amend their Complaint to exclude claims arising out of the Unit Purchase Agreement, to include Mr. Glade's claim for severance pay under La. R.S. 23:631, and to specify which claims relate to which agreement.

Under Rule 15(a), the Court freely gives leave to amend when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue

prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

The Court finds no undue delay, bad faith, or dilatory motive on the part of Plaintiffs. This will be Plaintiffs' first amendment to the complaint. Additionally, the amendment is important, because if Plaintiffs cannot amend, they will be precluded from recovering damages for claims arising under Mr. Glade's Employment Agreement and LUTPA, which would significantly reduce their possible recovery.

Furthermore, amendment is not futile, because Plaintiffs have pled the basic factual allegations with particularity and should now clarify which claims arise out of agreements and conduct that are unrelated to the Unit Purchase Agreement, which is governed by a forum-selection clause.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Dismissal Based on Forum Non Conveniens* (**Rec. Doc. 5**), is **GRANTED IN PART** to the extent the motion seeks dismissal of Plaintiffs' claims arising out of the Unit Purchase Agreement;

**IT IS FURTHER ORDERED** that Defendant's *Rule 12 Motions* is **DENIED** and that Plaintiffs are permitted leave to file an amended complaint within 21 days to clarify and specify their remaining allegations.

New Orleans, Louisiana, this 27th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE